**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HPG INTERNATIONAL, INC.,** : | **CIVIL ACTION** |
| **Plaintiff,** : | |
| : | |
| v. : | NO.   **19-cv-5212** |
| : | |
| **HILTON WORLDWIDE** : | |
| **HOLDINGS, INC., et al.,** : | |
| **Defendants.** : | |

### REPORT AND RECOMMENDATION

**LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE**                                                                    **April 21, 2020**

      Plaintiff HPG International, Inc., ("Plaintiff" or "HPG"), filed the instant action against Defendants Hilton Worldwide Holdings, Inc., ("Hilton") and the Parker Company ("Parker," and, collectively, "Defendants"), alleging Defendants misappropriated Plaintiff's trade secrets, infringed on Plaintiff's copyrights, and engaged in unfair competition.  Presently before the Court are Plaintiff's Motion for Preliminary Injunction (ECF No. 4) and Defendants' Motions to Dismiss.  (ECF Nos. 12, 16).

      For the following reasons, I conclude that Plaintiff has failed to show with reasonable particularity that personal jurisdiction exists over Defendants in Pennsylvania; therefore, I respectfully recommend the Motions to Dismiss pursuant to Federal Rule of Civil Procedure (12)(b)(2) be granted and the Complaint be dismissed without prejudice.  Because Plaintiff has failed to show personal jurisdiction over Defendants in Pennsylvania is proper, and because personal jurisdiction is a threshold issue to be resolved before the Court entertains an application for preliminary injunction, I further respectfully recommend that Plaintiff's Motion for Preliminary Injunction be denied without prejudice.

## I.  BACKGROUND

This action relates to the Salwa Beach Resort Project, located in Salwa Beach, Qatar. (Pl.'s Compl., ECF No. 1, at ¶¶ 24-28).  Plaintiff operates in the hospitality industry providing procurement, supply chain, and advisory services for furniture, fixtures, and equipment ("FF&E") and operating supplies and equipment ("OS&E").  (Pl.'s Compl., ECF No. 1, at ¶¶ 2, 19).  On February 5, 2019, Katara Hospitality, a company based in, and wholly owned by, the State of Qatar, sought proposals for a procurement consultant agency for the Salwa Beach Resort Project.  (*Id.* at ¶ 24; Ex. A).  Katara explained the "project scope is divided in 2 stages," a budget consulting stage and a procurement stage.  (*Id.* at ¶ 24; Ex. A).  Plaintiff submitted its proposal for both stages to Katara.  (*Id.*; Ex. A).

On March 26, 2019, Plaintiff entered into a service contract with a Qatari business, Al Rayyan Hospitality, for Stage 1 of the Salwa Beach Resort Project.  (*Id.* at ¶¶ 26-27; Ex. B).  The Stage 1 Contract hired Plaintiff "to assist in establishing OS&E and FF&E specifications, BoQs [(bills of quantities files)], and quantities by categories for Salwa Beach Resort, establish price/quality categories for operator selection, and establish the overall budget for all OS&E/FF&E merchandise at the Resort."  (*Id.* at ¶ 30).  Per the Contract, Plaintiff provided these services to Katara, as well as "Hilton Hotels & Resorts [which] is the appointed operator of the new resort."  (*Id.* at ¶¶ 31-32; Ex. A, at 7).  Plaintiff avers that in the scope of its contract, it provided "Hilton with the aforementioned instruments of service, products and materials electronically on a shared file drive operated by Hilton and which HPG was granted access to (the "Hilton Drive")."  (*Id.* at ¶ 33).  Plaintiff completed its services under the Stage 1 Contract on June 30, 2019.  (*Id.* at ¶¶ 33-34).

Plaintiff alleges it was awarded the Stage 2 Contract on July 4, 2019, and began

providing services, including confidential information and files. (*Id.* at ¶¶ 36-39). However, Katara and Plaintiff were unable to reach a final agreement on the terms of the Stage 2 Contract. (*Id.* at ¶ 38). Ultimately, Katara notified Plaintiff that Katara was cancelling the award of the Stage 2 Contract. (*Id.* at ¶ 41; Ex. D). Plaintiff contends that Katara and Al Rayyan then issued the Stage 2 award to its competitor, Defendant Parker. (*Id.* at ¶¶ 43-44).

After the cancellation of Plaintiff's award, on October 11, 2019, Plaintiff demanded that Katara, Hilton, and Parker return Plaintiff's confidential information and files. (*Id.* at ¶ 45). Plaintiff accessed the Hilton Drive on October 17, 2019, and identified its previously provided information on the drive. (*Id.* at ¶ 46). Plaintiff avers it discovered a new folder entitled "Katara" and accessed files in the Katara folder which were nearly identical to files Plaintiff provided to Katara, but now had "Parker" in the filename. (*Id.* at ¶¶ 47-49). Plaintiff accessed the Hilton Drive again on October 27, 2019, and it "only contained a single file folder titled 'Hilton,' which contains Hilton's own files and no copies of HPG's files." (*Id.* at ¶ 52). Plaintiff maintains that its confidential information in its BoQ files was copied, disclosed, and distributed to both Parker and Hilton by Katara. (*Id.* at ¶¶ 53-55).

On November 5, 2019, Plaintiff filed the instant Complaint against Defendants asserting misappropriation of trade secrets in violation of 18 U.S.C. § 1836(b)(1), and the Pennsylvania Uniform Trade Secrets Act, 12 Pa.C.S. §§ 5302-05, (Counts I and II); copyright infringement in violation of 17 U.S.C.§ 501, (Counts III and IV); and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), (Count V). (Pl.'s Compl., ECF No. 1, at ¶¶ 56-115). Plaintiff also filed a Motion for Preliminary Injunction requesting the Court enjoin Defendants from using its trade secrets and copyrights and order Defendants return Plaintiff's files and information. (Pl.'s Mot. Prel. Inj., ECF No. 4).

In response to the Complaint, Defendants filed Motions to Dismiss. (ECF Nos. 12, 16). Defendants maintain that jurisdiction does not exist in Pennsylvania, venue is improper, and the complaint fails to state claims upon which relief may be granted. (*Id.*). Defendants also oppose Plaintiff's Motion for Preliminary Injunction, arguing that: (1) the motion should be denied because personal jurisdiction does not exist over Defendants in Pennsylvania, and the Court cannot enjoin parties over which it does not have jurisdiction; and, (2) the motion should be denied because Plaintiff failed to satisfy the four-factor preliminary injunction test. (ECF Nos. 20, 21). Plaintiff responded in opposition to Defendants' Motions to Dismiss, and filed a Reply in further Support of its Motion for Preliminary Injunction. (Resp., ECF Nos. 24, 25; Reply, ECF No. 27). On March 4, 2020, Hilton replied in further support of its Motion to Dismiss. (ECF No. 30).

The Honorable C. Darnell Jones II referred these Motions to me for a Report and Recommendation. (Orders, ECF Nos. 5, 32).

## II.     LEGAL STANDARDS

### A.     Federal Rule of Civil Procedure 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "A district court sitting in diversity may assert personal jurisdiction over a nonresident party to the extent allowed under the law of the forum state." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009); Fed. R. Civ. P. 4(k). Pennsylvania's long-arm statute allows courts to exercise personal jurisdiction "to the full extent allowed under the Constitution of the United States." 42 Pa.C.S. § 5322(b). The Constitution's Due Process Clause requires that "minimum contacts" exist

between the non-resident and forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citations omitted).  Generally, the plaintiff bears the burden of proving personal jurisdiction by a preponderance of the evidence.  *Control Screening LLC v. Tech. Application & Prod. Co.*, 687 F.3d 163, 167 (3d Cir. 2012) (quoting *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)).

Two forms of personal jurisdiction exist: general and specific.  *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984).  General jurisdiction exists where the defendant's contacts with the forum are "continuous and systematic," even if the cause of action is unrelated to the defendant's activities in the forum state.  *See id.* at 414-16.  "Specific jurisdiction is established when a non-resident defendant has 'purposefully directed' his activities at a resident of the forum and the injury arises from or is related to those activities." *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (discussing personal jurisdiction where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.").

  **B.**   **Preliminary Injunction**

A preliminary injunction is an extraordinary remedy granted in limited circumstances. *See Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014).  "When evaluating a motion for preliminary injunctive relief, a court considers four factors: (1) has the moving party established reasonable likelihood of success on the merits (which need not be more likely than not); (2) is the movant more likely than not to suffer irreparable harm in the absence

of preliminary relief; (3) does the balance of equities tip in its favor; and (4) is an injunction in the public interest?" *Fulton v. City of Phila.*, 922 F.3d 140, 152 (3d Cir. 2019).

### III.  DISCUSSION

Presently before the Court are Plaintiff's Motion for Preliminary Injunction and Defendants' Motions to Dismiss.  In their Motions to Dismiss, Defendants first maintain the Complaint should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.  (ECF No. 12, at 8-11; ECF No. 16, at 7-11).  I agree.  Plaintiff has failed to show with reasonable particularity that jurisdiction is proper in Pennsylvania.  Accordingly, for the following reasons, I respectfully recommend the Motions to Dismiss pursuant to Rule 12(b)(2) be granted, and that the Complaint be dismissed without prejudice.  Because Plaintiff has failed to show personal jurisdiction exists over Defendants in Pennsylvania, I further respectfully recommend that Plaintiff's Motion for Preliminary Injunction be denied without prejudice.

I will first discuss Defendants' Motions to Dismiss for lack of personal jurisdiction under Rule 12(b)(2) and Plaintiff's Response, then I will address Plaintiff's Motion for Preliminary Injunction.

#### A.   Hilton's Motion to Dismiss under Rule 12(b)(2)

In its Motion to Dismiss, Hilton first argues that the Complaint should be dismissed for lack of jurisdiction.  (Mot., ECF No. 12-1, at 8-12).  It alleges general jurisdiction does not exist because Hilton is incorporated in Delaware with a principal place of business in Virginia; therefore, it is not "at home" in Pennsylvania.  (*Id.* at 9).  Hilton also asserts specific jurisdiction does not exist in Pennsylvania because "any contact Hilton could have regarding the issues in this case would have happened in Qatar as there are no allegations related to anything happening

in the United States." (*Id.* at 11). Hilton further maintains personal jurisdiction does not exist because it is the wrong party to the lawsuit. (*Id.* at 1). Hilton avers that it had no involvement with the Salwa Beach Resort project because Hilton Worldwide Holdings is a holding company. (*Id.*). Hilton further maintains that it was a "third-party hotel owner [that] only uses Hilton's trade name due to an unrelated license from a different United Kingdom Hilton entity." (*Id.* at 1; *see also* Pl.'s Compl., Ex. A, at 7 (stating that "Hilton Hotels & Resorts is the appointed operator of the new resort.")).

In its Response in Opposition, Plaintiff avers that jurisdiction exists in Pennsylvania under the "effects" test established in *Calder v. Jones*, 465 U.S. 783, 787 (1984). (Resp., ECF No. 24, at 7). As stated by the Third Circuit, personal jurisdiction is satisfied under the *Calder* test if:

> (1) The defendant committed an intentional tort;
>
> (2) The plaintiff felt the brunt of the harm in the forum such that the forum can said to be the focal point of the harm suffered by the plaintiff as a result of that tort;
>
> (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can said to be the focal point of the tortious activity.

*IMO Industrs., Inc., v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998).

Plaintiff asserts jurisdiction exists because "[u]nder that test, the torts committed, coupled with the fact that HPG is incorporated and has its principal place of business in Pennsylvania, are sufficient to establish jurisdiction." (Resp., ECF No. 24, at 8).

In its Reply in further Support of its Motion to Dismiss, Hilton reiterates its argument that jurisdiction in Pennsylvania is improper. Hilton first observes that "HPG asserts that its principal place of business is in Hatfield, Pennsylvania. Therein, HPG lists its address as a Post

Office Box located at 1250 [Bethlehem[1]] Pike, Hatfield, PA 19440.  That address appears to be a UPS Store located in a strip mall, and an image of that address does not appear to show any office space where HPG might be operating." (Def.'s Reply, ECF No. 30, at 5).  Hilton further maintains "a review of HPG's own websites lists its locations globally, and the only locations listed in the United States are in Walnut Creek, California (where it states its Corporate Headquarters are located), and a Branch Office in Atlanta, Georgia.  *There is not a single mention of a location or employee in Pennsylvania.*" (*Id.*) (emphasis in original).

When a defendant challenges personal jurisdiction, "the plaintiff bears the burden 'to come forward with sufficient facts to establish that jurisdiction is proper.'" *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020) (quoting *Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).  To meet this burden, "the plaintiff must 'establish with reasonable particularity'" that jurisdiction is proper.  *Danziger*, 948 F.3d at 129 (quoting *Farino*, 960 F.2d at 1223).  As the Third Circuit has explained, "'once a defendant has raised a jurisdictional defense,' the plaintiff must 'prov[e] by affidavits or other competent evidence that jurisdiction is proper.'" *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)).

Because Plaintiff claims that Hilton committed intentional torts, the Court looks to the *Calder* test.  *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 n.2 (3d Cir. 2007) ("A slightly refined version of [the minimum contacts] test applies to intentional tort claims." (citing *Calder*, 465 U.S. at 783)).  In *IMO Industries, Inc. v. Kiekert AG*, the Third Circuit

---

[1] Plaintiff identified its address as "1250 Bethany Pike, Hatfield, PA 19440." (Compl., Cover Sheet, ECF No. 1-3).  Bethany Pike is not a road that exists in Hatfield, Pennsylvania; rather, it is Bethlehem Pike.

extended *Calder* to business torts, and provided the three-part framework for applying the test. *IMO Industrs., Inc.*, 155 F.3d at 260-66. As mentioned above, this test requires the plaintiff to show the defendant committed (1) an intentional tort, (2) plaintiff felt the brunt of the harm in the forum such that the forum is the focal point of the harm, and (3) the defendant expressly aimed his conduct at the forum such that the forum can be described as the focal point of the harm. *Id.* at 265-66.

Plaintiff satisfies the first prong. Plaintiff contends Defendants misappropriated its trade secrets, infringed its copyrighted material, and engaged in unfair competition. These are intentional torts satisfying the first prong. *See, e.g.*, *PPG Industrs., Inc. v. Jiangsu Tie Mao Glass Co., Ltd.*, 2020 WL 1526940, at *11 (W.D. Pa Mar. 31, 2020) ("Because trade secret misappropriation claims sound in intentional tort, such claims easily satisfy the *Calder* effects test's first prong."); *GEICO v. Nealy*, 262 F. Supp. 3d 154, 163-66 (E.D. Pa. 2017); *Vizant Techs., LLC v. Whitchurch*, 97 F. Supp. 3d 618, 632 (2015); *see also Williams v. Elliot*, No. 18-5418, 2020 WL 470308, at *13 n.5 (E.D. Pa. Jan. 29, 2020) (analyzing personal jurisdiction for copyright infringement under *Calder*); *Argentum Medical, LLC v. Noble Biomaterials*, No. 08-1305, 2009 WL 1444288, at *5 (M.D. Pa. May 21, 2009) (analyzing unfair competition under *Calder*).

But Plaintiff fails to satisfy the second and third prongs; therefore, I respectfully recommend the Complaint be dismissed. First, Plaintiff has failed to show with reasonable particularity that it felt the brunt of the harm in Pennsylvania and that Pennsylvania was the focal point of the harm suffered. *IMO Industrs., Inc.*, 155 F.3d at 265-66. Under the claims asserted here, Plaintiff would need to show that it felt the brunt of the harm in the states in which it is a resident; i.e., as a corporation, in the states where Plaintiff is incorporated and headquartered. 28

9

U.S.C. § 1332(c)(1) (corporation is resident of state of incorporation and principal place of business); *Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 450-41 (E.D. Pa. 2019) ("[A] corporation is a citizen of its state of incorporation and its principal place of business, i.e., its 'nerve center.'" (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010))). Indeed, "[i]t is well-established that any trade secrets possessed by an owner are possessed where the trade-secret owner is a resident." *GEICO*, 262 F. Supp. 3d at 166 (citing *Paolino v. Channel Home Ctrs.*, 668 F.2d 721 (3d Cir. 1981)). "This rule of law has led courts to find the 'brunt of the harm,' under *Calder* to occur in the states where the trade-secret owner is incorporated or headquartered." *GEICO*, 262 F. Supp. 3d at 166 (citing *Cabot Corp. v. Niotan, Inc.*, 08-1691, 2011 WL 4625269, at *14 (E.D. Pa. Sept. 30, 2011)). Thus, for the claims alleged, Plaintiff must show that it felt the brunt of the harm in its states of residency, those in which it is incorporated or headquartered. *GEICO*, 262 F. Supp. 3d at 166; *see also PPG Industrs., Inc.*, 2020 WL 1526940, at *11.

Here, Plaintiff has failed to show with reasonable particularity that it is either incorporated or headquartered in Pennsylvania, and thus has not satisfied the second *Calder* prong by demonstrating that it felt the brunt of the harm in Pennsylvania. As to Plaintiff's state of incorporation, it appears Plaintiff is incorporated in Delaware. [2] (Pl.'s Compl., ECF No. 1, at ¶¶ 1, 18). As to Plaintiff's headquarters, Plaintiff has failed to show with reasonable particularity that it is headquartered in Pennsylvania. In its Complaint and Response in Opposition, Plaintiff maintains that it has a "principal place of business in Hatfield, Pennsylvania" and that it

---

[2] In its Response in Opposition, Plaintiff states "HPG is incorporated and has its principal place of business in Pennsylvania." (Resp. Opp'n, ECF No. 24, at 8). In its Complaint, Plaintiff states it "is a Delaware corporation." (Pl.'s Compl., ECF No. 1, at ¶¶ 1, 18). Because the Complaint is the operative filing here, the Court accepts that Delaware is Plaintiff's state of incorporation.

10

"operat[es] from its headquarters in the Commonwealth of Pennsylvania." (Compl., ECF No. 1, at ¶ 1, 18; Resp., Opp'n, ECF No. 24, at 8).  In *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), the Supreme Court provided illustrative reasoning about a corporation's principal place of business and headquarters for residency purposes.  The Court "conclude[d] that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92-92.  "It is the place that Courts of Appeals have called the corporation's 'nerve center.'  And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination, *i.e.,* the 'nerve center[.]'" *Id.* at 93.

Plaintiff has failed to demonstrate with reasonable particularity that its principal place of business/headquarters are located in Pennsylvania.  Plaintiff does not allege that its officers "direct, control, and coordinate the corporation's activities" in Pennsylvania and adduces nothing indicating that its "nerve center" is located in Pennsylvania. (*See generally*, Pl.'s Compl., ECF No. 1).  Hilton points out that the address Plaintiff listed in the Complaint is a P.O. box at a UPS Store in a strip mall, with no identifiable "headquarters" or "nerve center" of Plaintiff. (Pl.'s Compl., ECF No. 1-3; ECF No. 30, at 5; ECF No. 30-1, Ex. A).  Moreover, Hilton points out that Plaintiff's website identifies its headquarters as located in Walnut Creek, California, with no reference to Pennsylvania. (*Id.*).  Plaintiff has not rebutted these points, and has not "'prov[en] by affidavits or other competent evidence that jurisdiction is proper.'" *Metcalfe*, 566 F.3d at 330 (3d Cir. 2009) (quoting *Dayhoff Inc.*, 86 F.3d at 1302).

Simply put, Plaintiff has failed to show with reasonable particularity that it felt the brunt of the harm in Pennsylvania such that Pennsylvania is the focal point of the harm.  Plaintiff has failed to show with reasonable particularity that it is either incorporated or headquartered in

Pennsylvania.

Furthermore, Plaintiff has failed to satisfy the third prong; specifically, that Hilton "expressly aimed" its alleged tortious conduct at Pennsylvania. *IMO Industrs., Inc.*, 155 F.3d at 266. "The defendant must 'manifest behavior intentionally targeted at and focused on' the forum for *Calder* to be satisfied." *Id.* at 265 (quoting *ESAB Grp., Inc., v. Centricut, Inc.*, 126 F.3d 617, 625 (4th Cir. 1997)). "Simply asserting that the defendant knew that plaintiff's principal place of business was located in the forum would be insufficient in itself to meet this requirement." *Id.* at 266. Plaintiff makes no allegation in the Complaint that Hilton intentionally targeted and focused on Pennsylvania, and puts forth no argument in this Response in Opposition to the Motion to Dismiss as to how this prong is satisfied. (*See* Compl., ECF No. 1; Resp. Opp'n, ECF No. 24, at 8). Accordingly, because Plaintiff has not made any assertion as to how Hilton allegedly intentionally targeted Pennsylvania, Plaintiff has failed to satisfy this prong with reasonable particularity.

For those reasons, I conclude that Plaintiff has failed to demonstrate with reasonable particularity that personal jurisdiction exists over Hilton in Pennsylvania. Plaintiff has failed to satisfy the second and third prongs of *Calder* because it has not shown that it felt the brunt of the harm in Pennsylvania, or that Hilton expressly aimed its conduct at Pennsylvania.[3] As mentioned above, "'once a defendant has raised a jurisdictional defense,' the plaintiff must 'prov[e] by affidavits or other competent evidence that jurisdiction is proper.'" *Metcalfe*, 566

---

[3] Plaintiff's assertion of personal jurisdiction would also fail under the traditional test for specific jurisdiction. To satisfy the traditional test, Plaintiff must show, *inter alia*, "the defendant must have 'purposefully directed [its] activities' at the forum [and] the litigation must 'arise out of or relate to' at least one of those activities." *O'Connor*, 496 F.3d at 317 (quoting *Burger King Corp.*, 417 U.S. at 472; *Helicopteros*, 466 U.S. at 414). Similar to above, Plaintiff has not shown purposefully directed its activities at Pennsylvania, and has not demonstrated this litigation arises out of or relates to any of Hilton's alleged activities in Pennsylvania.

12

F.3d at 330 (3d Cir. 2009) (quoting *Dayhoff Inc.*, 86 F.3d at 1302). Plaintiff has failed to do so. Therefore, I respectfully recommend the Complaint be dismissed without prejudice.

### B.     Parker's Motion to Dismiss under Rule 12(b)(2)

In its Motion to Dismiss, Parker first argues the Complaint should be dismissed because personal jurisdiction over Parker does not exist in Pennsylvania. (Mot., ECF No. 16, at 8-11). Parker avers general jurisdiction does not exist in Pennsylvania because it is organized under Florida law with its principal place of business in Miami, Florida. (*Id.* at 8 (citing Aff. of Douglas Parker, ECF No. 16-2, at ¶¶ 5-6)). Parker also contends specific jurisdiction does not exist because (1) for specific personal jurisdiction to exist, the litigation must arise from or relate to the defendant's contact with the forum and Parker had no contact with Pennsylvania in relation to the Salwa Beach Resort Project in Qatar; and, (2) "[Parker] had no involvement with the Qatar Resort project or the operation of that property." (*Id.* at 9-10). Parker maintains that "[t]he only connection that [Parker] has, if any, is that the company is related to a separate, but affiliated, legal entity, *The Parker Company, AG*, a corporation organized under Swiss Law ("TPC AG"), now provides procurement services to the resort." (*Id.* at 2). Therefore, Parker asserts that "[g]iven [Parker's] complete lack of involvement with any facet of the Qatar Resort project, even if [Parker] has contacts with Pennsylvania in the form of work for other projects, none of those contacts create specific jurisdiction as none relate to, or form the basis of, this litigation." (*Id.* at 10-11).

Plaintiff responds that personal jurisdiction exists under the *Calder* test. (Resp., ECF No. 25, at 7-8). Plaintiff again asserts that "HPG's principal place of business is in Pennsylvania, so it felt the brunt of the harm from each of these torts in the Commonwealth. And, since each of these torts was committing knowing and intending that HPG would be hurt, and that the injury

13

would necessarily be felt where HPG is based, the tortious conduct is necessarily aimed at the Commonwealth." (*Id.* at 7).

Plaintiff's Complaint and assertion of personal jurisdiction over Parker suffers from the same deficiencies addressed *supra* with respect to Hilton. Namely, Plaintiff has not demonstrated with reasonable particularity that jurisdiction is proper because it has failed to satisfy the second and third *Calder* prongs. Plaintiff has not shown with reasonable particularity that it is incorporated in Pennsylvania or that it has its principal place of business in Pennsylvania; thus, it has failed to show that it felt the brunt of the harm in Pennsylvania such that Pennsylvania could be said to be the focal point of the harm. *IMO Industrs., Inc.*, 155 F.3d at 265-66. Plaintiff has also not shown with reasonable particularity that Parker "expressly aimed" its alleged tortious conduct at Pennsylvania. *IMO Industrs., Inc.*, 155 F.3d at 265-66 ("The defendant must 'manifest behavior intentionally targeted at and focused on' the forum for *Calder* to be satisfied."). Accordingly, because Plaintiff has failed to satisfy with reasonable particularity the second and third prongs of *Calder* and has failed to demonstrate personal jurisdiction is proper over Parker in Pennsylvania, I respectfully recommend the Complaint be dismissed without prejudice.

### C. HPG's Request for Jurisdictional Discovery

In HPG's Responses in Opposition, it requests that, should the Court dismiss its Complaint for lack of personal jurisdiction, it be granted leave to conduct jurisdictional discovery. (Def.'s Resps., ECF Nos. 24, 25). Plaintiff focuses on both Defendants' assertions that they are the incorrect parties to the lawsuit. (ECF No. 24, at 9-12; ECF No. 25, at 9-12). Plaintiff requests the Court permit it to conduct jurisdictional discovery into the corporate structure of Defendants, contending that personal jurisdiction might thus be proper under an

"alter-ego" theory based on the alleged involvement of other Hilton or Parker entities and those entities' employees. (*Id.*).

I respectfully recommend HPG's request for jurisdictional discovery be denied without prejudice to re-raise the issue at a later date, if appropriate. Jurisdictional discovery is proper when the plaintiff has made a prima facie showing that personal jurisdiction exists. *E.g., Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). To satisfy this showing, Plaintiff must present "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' [then] the plaintiff's right to conduct jurisdictional discovery should be sustained." *Id.* at 456 (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). As the Third Circuit has explained, if "the plaintiff's claim is not clearly frivolous [as to the basis for personal jurisdiction], the district court should ordinarily allow discovery on jurisdiction to aid the plaintiff in discharging that burden." *Metcalfe*, 566 F.3d at 336 (internal citations and quotation omitted).

Plaintiff has not shown jurisdictional discovery is proper because it has not made a threshold prima facie showing that personal jurisdiction exists over Defendants. "[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc.*, 318 F.3d at 456 (quoting *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)). On the record before the court, Plaintiff's present claim of personal jurisdiction over Defendants in Pennsylvania under *Calder* appears clearly frivolous and does not warrant jurisdictional discovery at this time. As explained above, jurisdiction is proper under *Calder* and Third Circuit case law if Plaintiff shows, with reasonable particularity, that it felt the brunt of the harm in Pennsylvania. *IMO*

*Industrs., Inc.*, 155 F.3d at 265-66.  Plaintiff did not satisfy that prong because it has failed to demonstrate it is incorporated or headquartered in Pennsylvania.  (*Compare* ECF No. 1-3 (Plaintiff's identified address), *with* ECF No. 30, at 5; ECF No. 30-1, Ex. A, Exs. 1-6).  Indeed, Plaintiff's claim of the requisite contacts for jurisdiction under *Calder* hinges on its representations that it has its principal place of business in Pennsylvania.  On the record before me, that claim does not warrant jurisdictional discovery.  (*See id.*).  Moreover, granting jurisdictional discovery would not advance Plaintiff's claim of personal jurisdiction under *Calder* because Defendants' corporate structures have no bearing on where Plaintiff is incorporated or headquartered.  The information needed to satisfy that *Calder* prong—where Plaintiff is incorporated or headquartered—is within Plaintiff's control, and does not necessitate jurisdictional discovery into Defendants' corporate structures.

Therefore, because Plaintiff has not made a threshold prima facie showing of the possible existence of jurisdiction over Defendants, I respectfully recommend its request for jurisdictional discovery be denied without prejudice to re-raise the issue at a later date, if appropriate.

### D.     Plaintiff's Motion for Preliminary Injunction

Plaintiff requests the Court enjoin Defendants from using its confidential trade secret information and copyrights and order Defendants to return its files and information.  (Pl.'s Mot. Prel. Inj., ECF No. 4, at 1-2).  Defendants respond that the Court should deny the motion because personal jurisdiction does not exist over them in Pennsylvania, and the Court cannot enjoin parties over which it does not have jurisdiction.  (ECF No. 20, at 10; ECF No. 21, at 3-4).  I agree with Defendants and respectfully recommend the Motion for Preliminary Injunction be denied without prejudice.

The Third Circuit has "held that 'preliminary matters such as . . . personal jurisdiction . . .

should be raised and disposed of before the court considers the merits or quasi-merits of a controversy.'" *In re Diet Drugs*, 282 F.3d 220, 229 (3d Cir. 2002) (ellipses in original) (quoting *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999)). "The question of personal jurisdiction is a threshold issue that the Court should address before considering the merits of Plaintiff's preliminary injunction application." *New Earthshell Corp. v. Lycos Internet Ltd.*, No. 14-7665, 2015 WL 170564, at *2 (D.N.J. Jan. 12, 2015) (citing *Small v. Camden County*, 728 F.3d 256, 269-70 (3d Cir. 2013) (explaining that "personal jurisdiction . . . is a 'threshold issue that *courts* must address to determine whether litigation is being conducted in the right forum at the right time.'" (quoting *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010)))). Indeed, this is because the existence of personal jurisdiction over the parties is a necessary prerequisite before the Court entertains a Motion for Preliminary Injunction. *E.g.*, *E.I. du Pont de Nemours and Co. v. Agfa-Gavaert NV*, 335 F. Supp. 3d 657, 665 (D. Del. 2018) ("[A] district court cannot enjoin a party if it does not have jurisdiction over that party[.]").

I respectfully recommend Plaintiff's Motion for Preliminary Injunction be denied without prejudice. For the reasons explained above, Plaintiff has not shown with reasonable particularity that personal jurisdiction exists over Defendants in Pennsylvania. Because Plaintiff has not satisfied this required showing of personal jurisdiction over Defendants, it would be premature to consider Plaintiff's application for a preliminary injunction as the Court cannot enjoin parties over which it does not have personal jurisdiction. *Cf. Amer. Fin. Resources, Inc. v. Money Source, Inc.*, No. 14-1651, 2014 WL 1705617, at *8 (D.N.J. Apr. 29, 2014) ("As the factual record is insufficient to satisfy this Court that it has personal jurisdiction over [defendants], it would be inappropriate to grant [plaintiff's] application for a preliminary injunction as to those defendants."); *New Earthshell Corp.*, 2015 WL 170564, at *5 ("[T]he Court is not satisfied that

it has personal jurisdiction over Defendants in this case, and thus it cannot issue a preliminary injunction."). Therefore, I respectfully recommend Plaintiff's Motion for Preliminary Injunction be denied without prejudice.

## IV.     CONCLUSION

For the foregoing reasons, I conclude that Plaintiff has failed to show with reasonable particularity that personal jurisdiction exists over Defendants in Pennsylvania. Specifically, Plaintiff has not shown under *Calder* that it felt the brunt of the harm in Pennsylvania because Plaintiff has failed to show with reasonable particularity that it is incorporated or headquartered in Pennsylvania. Plaintiff has also not shown with reasonable particularity that Defendants expressly aimed their alleged tortious conduct at Pennsylvania. Therefore, I respectfully recommend Plaintiff's Complaint be dismissed without prejudice under Rule 12(b)(2) for lack of personal jurisdiction.[4] Because Plaintiff has failed to show with reasonable particularity that personal jurisdiction exists over Defendants, I further respectfully recommend Plaintiff's Motion for Preliminary Injunction be denied without prejudice.

---

[4] Because I recommend dismissing Plaintiff's complaint for lack of personal jurisdiction under Rule 12(b)(2) , I decline to address Defendants' alternative arguments for dismissal, i.e., improper venue under Rule 12(b)(3) and for failing to state a claim upon which relief can be granted under Rule 12(b)(6).

## RECOMMENDATION

AND NOW, this __21ST__ day of April, 2020, I RESPECTFULLY RECOMMEND the Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) (ECF Nos. 12, 16), be granted, Plaintiff's Complaint (ECF No. 1) be dismissed without prejudice, and Plaintiff's Motion for Preliminary Injunction (ECF No. 4) be denied without prejudice.

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge